The Honorable Mike Todd State Senator 333 West Court Street Paragould, Arkansas 72450-4378
Dear Senator Todd:
This official Attorney General opinion is issued in response to your recent questions concerning municipal water rates. You have asked:
 (1) Does a commission established by ordinance have the authority to increase water and sewer rates, or is that authority reserved or limited to the elected city council?
 (2) Even if the power to increase rates is limited to the elected city council, may it delegate that authority to an appointed commission by ordinance?
RESPONSE
Question 1 — Does a commission established by ordinance have theauthority to increase water and sewer rates, or is that authorityreserved or limited to the elected city council?
It is my opinion that a commission established by ordinance does have the authority to increase water rates, but that the authority to increase sewer rates is reserved to the city council.
Municipalities are given the authority, in A.C.A. § 14-234-116, to create a single commission that carries out the duties of both a water commission and a sewer commission. These single commissions retain all the powers given by law to water commissions and to sewer commissions.Id. The various powers of water commissions, including the power to establish and adjust water rates, are set forth in A.C.A. § 14-234-301 etseq. The various powers of sewer commissions are set forth in A.C.A. §14-235-201 et seq. Therefore, a single commission that functions as both a water commission and as a sewer commission will be governed by different provisions regarding the establishing and adjusting of water and sewer rates.
A water commission created pursuant to A.C.A. § 14-234-301 et seq. is given "full and complete charge" of the municipality's water system. See
A.C.A. § 14-234-306, which enumerates some of the commission's specific powers and duties. In addition, A.C.A. § 14-234-307 states:
 (a)(1) The commissioners shall, in addition to the powers enumerated in § 14-234-306, have such other and further powers as are now by law given to the city council of any city.
A.C.A. § 14-234-307(a)(1).
City councils are granted explicit authority, in A.C.A. § 14-234-214, to establish rates for municipal water service. Accordingly, a water commission that is created by the municipality pursuant to A.C.A. §14-234-302 has the same authority as the city council to establish water rates, by virtue of A.C.A. § 14-234-307, quoted above.
Sewer committees and sanitary boards that are created pursuant to A.C.A. §§ 14-235-206 -208 are given broad authority to operate, manage and control the sewer systems of the municipalities which created them. See
A.C.A. §§ 14-235-207 -209. Nevertheless, the legislature explicitly reserved the authority to establish and adjust rates for sewer service to the city council. More specifically, A.C.A. § 14-235-223 states:
 (a)(1) The council of the municipality shall have power, and it shall be its duty, by ordinance to establish and maintain just and equitable rates or charges for the use of and the service rendered by the works, to be paid by each user of the sewerage system of the municipality.
 (2) The council may change and readjust the rates or charges from time to time to such extent as will not render insecure the rights of the holders of revenue bonds or violate any sinking fund agreement, or other lawful agreement, with such bondholders.
A.C.A. § 14-235-223(a)(1) (2).
The conclusion that the authority to establish and adjust sewer rates is reserved to the city council is bolstered by the procedure that is provided by statute for the adjustment of sewer rates:
 (d)(1)(A) No rates or charges shall be established until after a public hearing, at which all the users of the works and owners of property served or to be served by them and others interested shall have opportunity to be heard concerning the proposed rates or charges.
 (B) After introduction of the ordinance fixing the rates or charges, and before the ordinance is finally enacted, notice of the hearing, setting forth the proposed schedule of the rates or charges, shall be given by one (1) publication in a newspaper published in the municipality if there is such a newspaper, but otherwise in a newspaper having general circulation in the municipality, at least ten (10) days before the date fixed in the notice for the hearing, which may be adjourned from time to time.
 (2) After the hearing the ordinance establishing rates or charges, either as originally introduced or as modified and amended, shall be passed and put into effect.
 (e) A copy of the schedule of the rates and charges established shall be kept on file in the office of the sewer committee having charge of the operation of the works, and also in the office of the municipal clerk or recorder, and shall be open to inspection by all parties interested.
 (f)(1) The rates or charges so established for any class of users or property served shall be extended to cover any additional premises thereafter served which fall within the same class, without the necessity of any hearing or notice.
 (2)(A) Any change or readjustment of the rates or charges may be made in the same manner as the rates or charges were originally established as provided in this section.
A.C.A. § 14-235-223(d).
It is clear that under the above-outlined procedure for establishing and adjusting municipal sewer rates, the passage of an ordinance is an initial step. Only the city council is empowered to pass ordinances. See
A.C.A. §§ 14-43-502(a); 14-55-203(b). See also Satterfield v. Fewell,202 Ark. 67, 149 S.W.2d 949 (1941). The fact that this step is a required part of the procedure for establishing and adjusting sewer rates supports the conclusion that the control over such rates is reserved exclusively to the city council.
Question 2 — Even if the power to increase rates is limited to theelected city council, may it delegate that authority to an appointedcommission by ordinance?
It is my opinion, in accordance with my response to Question 1, that the city council need not delegate authority to the commission to establish and adjust water rates; that authority has been granted by statute. In contrast, however, the city council may not delegate the authority to establish and adjust sewer rates, because the statutory procedure for doing so requires the passage of an ordinance, which only the city council can do.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh